Compiler

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
                         )
         vs.                 )
                         )
TIMOTHY ACHANTO, )
                         )
        Defendant.     )
                         )
_____ )

CRIMINAL CASE NO. CM0208-11

DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion for reconsideration, filed April 1, 2013. Oral arguments were heard on June 24, 2013. Assistant Attorney General Matthew S. Heibel appeared on behalf of the Government and Alternate Public Defender Stephen P. Hattori represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On August 27, 2012, the Court accepted Defendant's plea of guilty to two (2) counts of vehicular homicide as a second degree felony for negligently causing the death of two persons while driving. On November 27, 2012, the Court sentenced Defendant in accordance with the plea agreement to two (2) concurrent terms of incarceration for eight (8) years. On March 15, 2013, the case was reassigned to Judge James L. Canto II.

On April 1, 2013, Defendant moved to reconsider the sentence pursuant to Local R. Super. Ct. Guam Rule CVR 7.1(i) and *People v. Gutierrez*, 2005 Guam 19 ¶ 41. Defendant argues that his sentence is manifestly unjust when compared to similarly situated defendants whom were not sentenced to incarceration. Defendant moves to amend his sentence to a term of four (4) years in accordance with the Government's original recommendation.

///

## DISCUSSION

Under Guam law, the reconsideration of a decision by a different judge and a departure from the law of the case may be justified where the prior decision is manifestly unjust. *Gutierrez*, 2005 Guam 19 ¶¶ 37-41.

In this case, Defendant argues that his sentence is manifestly unjust because other defendants received lighter punishments for similar crimes. The Court does not agree. Defendant cites Superior Court judgments that suspend incarceration for a single count of negligent homicide as a third degree felony. (Motion for Reconsideration, 2-3, Apr. 1, 2013.) These crimes are not similar to Defendant's plea of guilty to two (2) counts of vehicular homicide as a second degree felony. *Compare* 16 GCA § 18111, *with* 9 GCA §§ 16.60 and § 80.31. Furthermore, the sentence conforms to the range of punishment prescribed by law and which Defendant agreed to as part of his plea bargain that he could potentially receive. *See, e.g.* 16 GCA § 18111(a); Plea Agreement, 3 (Dec. 10, 2012). For these reasons, the Court finds no manifest injustice in the decision of the trial judge and the motion to reconsider shall be denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to reconsider is hereby DENIED.

SO ORDERED this _8TH_ day of August, 2013.

HON. JAMES L. CANTO II
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 0 8 2013

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam